IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | **)** | |
| | **)** | |
| William Edwin Taylor, Jr.,[1] | **)** | CASE NO. 24-81036-CRJ11 |
| SSN: XXX-XX-3708 | **)** | CHAPTER 11 |
| | **)** | |
| Debtor. | **)** | |

## **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

COMES NOW William Edwin Taylor, Jr. ("Debtor"), as debtor and debtor-in-possession, by and through undersigned counsel, pursuant to §§ 105(a), 363, and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and moves ("Motion") this Court for entry of an order authorizing Debtor to sell certain real property, as described below, free and clear of liens and other interests except as otherwise stated herein. In support of this Motion, Debtor states as follows:

## **JURISDICTION**

1.      This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief this Motion seeks are Bankruptcy Code §§ 105(a), 363(b), and 365.

---

[1] In addition to William Edwin Taylor, Jr., the Debtors include the following: Pegrum Creek, LLC; Case No. 24-81037-CRJ11.

## BACKGROUND

3. On June 3, 2024 (the "Petition Date"), Debtor filed a voluntary petition in this Court under of Chapter 11, Title 11 of the United States Bankruptcy Code Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

4. Included in the property of the estate is real property described as1966 Walker Lane, New Market, Alabama 35761 (the "Property"); and more particularly described in the Financed Sales Contract ("the Sales Contract") attached hereto as **Exhibit A**.

5. Debtor received an offer from William Taylor, Sr. ("Purchaser") to purchase the Property for the sum of Three Hundred Twenty-five Thousand and No/100 Dollars ($325,000.00) (the "Offer").

6. The Purchaser is the Father of the Debtor, and is therefore an "Insider" as defined by the Bankruptcy Code.

7. Debtor proposes to sell all of the estate's right, title and interest in the Property described herein for a total purchase price of $325,000.00, with a closing to be held after the entry of an order approving the sale becomes final; and on or before February 10, 2025 (the "Sale"). The terms of the Sale are set out in detail in the Sales Contract between Purchaser and Debtor. *See* Ex. A.

8. An appraisal of the Property was prepared for the Debtor on November 15, 2024 (the "Appraisal"). A true and correct copy of the Appraisal is attached hereto as **Exhibit B**. Based upon the Appraisal the Debtor believes the Offer is fair and reasonable and in the best interest of the estate and its creditors.

9.    Section 363(b)(1) of the Bankruptcy Code provides that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  A debtor-in-possession is given these rights by §1107(a) of the Bankruptcy Code and § 105(a) provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

10.    Debtor has determined, in its sound business judgment, that proceeding with the Sale as requested in this Motion is in the best interests of the estate and its creditors. "[T]he proper standard to use when considering a proposed motion to sell is the business judgment test. [It is this standard which has been adopted by the vast majority of courts." *In re Diplomat Const., Inc.,* 481 B.R. 215, 218-219 (Bankr. N.D.Ga. 2012)(citations omitted); *In re ASARCO, L.L.C.,* 650 F.3d 593, 601 (5th Cir. 2011) ("Section 363 of the Bankruptcy Code addresses the debtor's use of property of the estate and incorporates a business judgment standard.").  Sound business judgment exists in support of the Sale, in that the proposed sale will generate cash for use in the estate.  Thus, this Court should grant the relief requested in this Motion if Debtor demonstrates a sound business justification therefor.

11.    Debtor's Sale of the Property satisfies the requirements of § 363(f) of the Bankruptcy Code to sell the assets free and clear of all liens, claims, interests, and encumbrances, which states that:

> (f)    The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if:
>
>> (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>> (2)    such entity consents;

3

(3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)      such interest is in bona fide dispute; or

(5)      such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f).

12.      Because § 363(f) of the Bankruptcy Code is phrased in the disjunctive, when proceeding pursuant to § 363(b), it is only necessary to meet one of the five conditions of § 363(f). With respect to any other entity asserting a lien, claim, or encumbrance against the Property, the Debtor anticipates that it will be able to satisfy one or more of the conditions set forth in § 363(f). Any entity holding a lien on the Property will receive notice of this Motion with the opportunity to object, and such entity will be deemed to consent if it does not object. *See Hargrave v. Township of Pemberton* (*In re Tabone, Inc.*), 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); *Citicorp Homeowners Serv., Inc. v. Elliot* (*In re Elliot*), 94 B.R. 343, 345 (E.D. Pa. 1988). The sale proposed herein meets at least one of the 363(f) requirements.

## RELIEF REQUESTED

The Sale qualifies under 11 U.S.C. §§ 363(f)(1) and (2); accordingly, Debtor moves the Court as follows:

A.      To order and set a hearing on this matter on the first available setting.

B.      Upon such hearing, to approve the proposed sale and grant Debtor the authority to sell the Property identified herein; and to execute any instrument necessary by order of the Court, or otherwise, to effect the transfer to a purchaser, pursuant to Fed. R. Bankr. P. 6004(f)(2);

C.      To approve the Sale free and clear of all liens and interests, and should it appear that there are parties claiming an interest in the Property to be sold, to approve and confirm the

Sale nevertheless, and to order Debtor to hold the consideration paid on the date of the Sale until the dispute can be resolved; and

D.      To grant such other, further, and different relief as may be proper to affect the sale of the Property.

## NOTICE OF SALE

Bankruptcy Rule 2002(a) and (c) requires Debtor to notify all creditors of the proposed sale of the Property identified herein.  Service of this Motion shall be provided by U.S. Mail to the creditor matrix and to all parties who have registered as a participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama pursuant to Fed. R. Bankr. P. 9036.

Respectfully submitted January 13, 2025.

/s/ Stuart M. Maples
STUART M. MAPLES(ASB-1974-S69S)

THOMPSON BURTON PLLC
REGIONS CENTER
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779/Fax: (256) 489-9720
smaples@thompsonburton.com

5

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the preceding was electronically filed through the Court's ECF system and served this 13th day of January, 2025 by operation of the Court's electronic noticing system and upon Richard Blythe, the Assistant U.S. Bankruptcy Administrator, the 20 largest unsecured creditors, Debtor, and all who have requested electronic notice in this case; and specifically upon William Taylor, Sr. as set forth below, via first class U.S. Mail, postage pre-paid.

William Taylor, Sr.
1966 Walker Lane
New Market, AL  35761

/s/ *Stuart M. Maples*
STUART M. MAPLES

6