dotloop signature verification: dtlp.us/Uli2-nr9P-5slr

 

# FINANCED SALES CONTRACT

**NOTICE**: This is a legally binding contract. If there are any terms of this document that you do not understand, consult an attorney before signing.

The undersigned Purchaser(s) William Taylor Sr. hereby agree to purchase, and the undersigned Seller(s) William Taylor Jr. hereby agree to sell and convey the following described real estate together with all improvements, shrubbery, plantings and appurtenances, including but not limited to those items described in paragraph 10 herein, on the terms and conditions described below. If any personal items remain with the property, they are left "as is" and at no value to the property.

Address 1966 Walker Lane    City New Market    County Madison    State AL    Zip 35761

Lot _____ Block _____ Subdivision _____ Addition _____

Legal Description: See additional provisions _____

**1. TOTAL PURCHASE PRICE** shall be ......................................................................$ _____ 325000

Earnest money held by Selling Company (working with Purchaser) or Thompson Burton _____, herein called the "Holder". ..$ _____ 2000

This contract is contingent upon Purchaser obtaining approval of a (i.e. Conventional, FHA, VA) conventional loan (Excluding any financed closing costs) in the amount of ..........................................................$ _____

Balance of down payment due from Purchaser at closing (wire transfer or certified funds) .....................$ _____

Purchaser agrees to apply for said loan within __2__ working days and to make a diligent and good-faith effort to obtain approval.
*For FHA Loans, attach FHA DISCLOSURES Addendum.*

**2. SETTLEMENT CHARGES:**

(a) ☐ **BUYER BROKER COMPENSATION** (Optional): In consideration of the purchase price being offered, the purchaser requests the seller to pay for the services provided by the Buyer Broker in assisting with the consummation of this Agreement and the other terms of this Purchase Agreement, Seller agrees to pay to Buyer's Broker _____% of the gross sales price or $_____ (both 0 if left blank), which is due and payable at closing. The Closing Agent/Attorney is directed to disburse these funds at closing to the Buyer's Broker from the Seller's proceeds from the sale of Property. <u>If a Seller Concession is made available, the Buyer shall determine which expense(s) to apply the Seller Concession toward.</u>

(b) **SETTLEMENT CHARGES:** Purchaser's Settlement Charges (sometimes called "Closing Costs") include all fees relating to mortgage financing, including but not limited to settlement charges, attorney's fees, title search fees, title examination fees, title binder fees, Purchaser's half of title insurance, recording fees, mortgage taxes, deed taxes, loan closing costs, prepaid items, escrows, loan discount fees, funding fees, PMI, MIP, and VA funding fees, and Purchaser's Broker compensation. Purchaser's Settlement Charges are to be paid by Purchaser(s) unless herein excepted. Seller agrees to pay Purchaser a concession at closing in the amount of up to $0_____ (0 if left blank), which amount includes what Purchaser is not allowed to pay under FHA/VA/Conventional requirements but excludes direct seller costs (i.e., Deed, Seller's half of title insurance, payoff expenses, etc.). Seller(s) obligation to pay or reimburse Purchaser(s) for any of Purchaser's Settlement Charges is contingent upon transfer of deed. TO BE COMPLETED BY BUYER: The Seller Concession, if available, is ☐ is not ☑ to be credited toward buyer broker compensation. If yes, indicate the amount or rate that will be contributed from the Seller Concession toward the Buyer's Broker's compensation: _____.

(c) **CLOSING AGENT/ATTORNEY**: The Parties agree that the closing will take place at: Thompson Burton _____.

(d) **SURVEY: It is recommended that whenever title is passed a new survey be obtained which meets the current standards of the Alabama Society of Professional Land Surveyors. If lender or attorney requires a survey the cost of such is considered a settlement charge.**

(e) **CONVEYANCE:** Seller(s) will convey to Purchaser(s) a General Warranty deed ensuring a good and merchantable title free from any and all encumbrances except current ad valorem taxes, recorded restrictions, easements of record, applicable zoning restrictions, any liens or encumbrances assumed or incurred in this transaction and such state of facts as would be disclosed by an accurate survey of the property.

(f) **TITLE INSURANCE:** An enhanced owner's title insurance policy ("enhanced" policy if property qualifies) and binder will be furnished at closing as part of this contract. The premium for the owner's /lender's title policy, the simultaneous issue fee, and binder fee, will be divided equally between the Seller and Purchaser even if mortgagee is Seller.

(g) **CLOSING AND POSSESSION:** The sale shall be closed, and the deed delivered on or before 02/10/2025_____, except that Seller shall have a reasonable time within which to perfect title or cure defects in the title to said property. Possession is to be given closing_____.
**NOTE:** If Purchaser is given possession prior to closing, or if Seller is to remain in the property after closing, it is recommended that the parties enter into an *Occupancy Agreement* or *Agreement for Retention of Possession*

**3. AGENCY DISCLOSURE:**

The Listing Company is NA_____     The Selling Company is: NA_____

(Two blocks may be checked)
☐ An agent of the Seller.    ☐ An agent of the Purchaser
☐ An agent of both Seller and Purchaser, and
   is acting as a limited consensual dual agent.
☐ Assisting the Purchaser as a transaction broker.
☐ Assisting the Seller as a transaction broker

(Two blocks may be checked)
☐ An agent of the Seller.    ☐ An agent of the Purchaser
☐ An agent of both Seller and Purchaser, and
   is acting as a limited consensual dual agent.
☐ Assisting the Purchaser as a transaction broker.
☐ Assisting the Seller as a transaction broker.

**Receipt of the Real Estate Brokerage Services Disclosure form is acknowledged.**
➔

**Purchaser(s) initials** _WTS_
01/07/25
9:36 AM CST
dotloop verified

**Seller(s) initials** _WTJ_
01/09/25
9:59 AM CST
dotloop verified

Case 24-81036-CRJ11    Doc 332-1    Filed 01/13/25    Entered 01/13/25 13:39:25    Desc
Exhibit A - Financed Sales Contract    Page 1 of 6

**4. CONDITION OF PROPERTY:**

(a) Seller agrees to deliver all built-in appliances, heating, cooling, electrical, gas, plumbing, and septic systems in normal operating condition when title is passed or possession is given, whichever occurs first. It is Purchaser(s) responsibility to make any inspection he/she deems necessary prior to occupancy or closing. It is the Seller(s) responsibility to have the utilities turned on if they have been turned off and to maintain utilities through the date of closing.  Seller to leave the house, garage, yard, and outbuildings reasonably clean and free of debris.

➔                                                     Purchaser(s) initials ___WB___ _____ **Seller(s) initials** ___WJ___ _____

(b) **EPA/HUD LEAD-BASED PAINT CONTINGENCY FOR PRE-1978 CONSTRUCTION ONLY:** This contract is contingent upon a risk assessment or inspection of the property for the presence of lead-based paint and/or lead-based paint hazards at Purchaser's expense until 9 p.m. on the ___10___ calendar day (no more than 10 days) after acceptance of this contract by all parties. (Intact lead-based paint that is in good condition is not necessarily a hazard. See EPA pamphlet *Protect Your Family From Lead in Your Home).* This contingency will terminate at the above predetermined deadline unless Purchaser (or Purchaser's salesperson) delivers to Seller (or Seller's salesperson) a written contract addendum listing the specific existing deficiencies, and corrections needed, together with a copy of the inspection and/or risk assessment report. Seller may, at Seller's option, within ___10___ days after delivery of the report, elect in writing whether to correct the condition(s) prior to closing. If Seller will correct the condition(s) Seller will furnish Purchaser with certification from a risk assessor or inspector demonstrating that the condition has been remedied before the date of closing period. If Seller elects not to make repairs, or if Seller makes a counteroffer, Purchaser(s) will have ___2___ days to respond to the counteroffer or remove this contingency and take the property "as is", or this contract will become void. Purchaser(s) may remove this contingency at any time without cause.

**The EPA/HUD Seller's Disclosure is required by Federal law to be attached to this contract and is made a part thereof.**
➔      **Purchaser(s) hereby removes this contingency. Date_____11/13/2024_____Purchaser(s) initials** ___WB___ _____

         **Purchaser(s) acknowledges receipt of the EPA/HUD pamphlet *"Protect Your Family From Lead in Your Home"***

➔                                                     **Purchaser(s) initials** ___WB___ _____

(c) **OFFICIAL ALABAMA WOOD INFESTATION INSPECTION REPORT:** Purchaser may obtain, *at his own expense (unless not allowed by VA guidelines),* an Official Alabama Wood Infestation Report from a licensed exterminating company in accordance with VA/FHA/lender regulations. Said report to be presented to the closing attorney no less than 7 working days prior to closing. Purchaser will have no obligation to make any corrections. Corrections to be made by Seller unless otherwise mutually agreed upon by all parties. Follow up inspections are the responsibility of the Purchaser. Transfer of Seller's termite contract will suffice for Official Alabama Wood Infestation Report if acceptable to lender and Purchaser. Any applicable transfer fees will be paid by Purchaser.

(d) **ADDITIONAL PROPERTY INSPECTION(S):** Purchaser ☐ **Does** ☑ **Does Not** require property inspections other than those in 4(a) and 4(b). If inspection(s) are required an *Inspection Addendum* is attached.  Purchaser agrees to indemnify Seller and all real estate licensees for the acts of himself, his inspectors and/or representatives in exercising his rights under this Agreement.  Purchaser's obligations to indemnify Seller and all real estate licensees shall also survive the termination of this agreement by either party.

(e) Neither the Seller, nor any Licensee makes any representation or warranties regarding the condition of the property except to the extent expressly set forth herein. Purchaser has the obligation to determine any and all conditions of the property material to Purchaser's decision to buy the property, including, but not limited to, the condition of the heating, cooling, electrical, gas, plumbing, and septic systems, and any built-in appliances; the roof and basement, including leaks therein; the age, size or area of the property, construction materials, including floors; structural condition; utility and sewer or septic tank availability or condition; subsurface conditions, including radon and other potentially hazardous materials and/or gases; flood insurance requirements; present or previous pest and termite infestations; fungus, mildew and other similar conditions; any noise exposures and any matters affecting the character of the neighborhood. These provisions apply to all transactions, including "sight unseen" transactions.

(f) **FINAL INSPECTION:** Purchaser and/or his inspectors/representatives shall have the right to conduct a final inspection of the Property prior to closing to confirm the Property is in substantially the same or better condition as it was on the Binding Agreement Date, normal wear and tear excepted, and to determine that all agreed upon repairs/replacements have been completed. Closing of this sale constitutes acceptance of the Property in its condition as of the time of closing, unless otherwise noted in writing.

**5. DISCLAIMER:** Seller(s) and Purchaser(s) acknowledge that they have not relied upon any advice or representations of any real estate licensee involved in this sale relative to (i) the legal or tax consequences of this contract and the sale, purchase, or ownership of the property, (ii) the structural condition of the property, including the roof and basement, (iii) construction materials, (iv) the nature and operating condition of the electrical, heating, air conditioning, plumbing and water systems and appliances, (v) the age and square footage of the improvements, and the size or area of the property, (vi) the availability of utilities or sewer service, (vii) the character of the neighborhood, (viii) the investment or resale value of the property, (ix) any other matter affecting their willingness to sell or purchase the property on the terms and price herein set forth. Seller(s) and Purchaser(s) acknowledge that if such matters are of concern to them in the decision to sell or purchase the property, they have sought and obtained independent advice relative thereto.

➔                                                     **Purchaser(s) initials** ___WB___ _____ **Seller(s) initials** ___WJ___ _____

**6. FINANCING:**

**FHA LOAN:** If FHA financing is used the attached **FHA DISCLOSURES Addendum i**s incorporated herewith and made a part hereof.

**VA LOAN:** If VA financing is used it is expressly agreed that notwithstanding any other provisions of this contract, Purchaser shall not incur any penalty by forfeiture of earnest money or otherwise be obligated to complete the purchase of the property described herein if the contract purchase price exceeds the reasonable value of the property established by the Veterans Administration. Purchaser shall, however, have the privilege and option of proceeding with the consummation of this contract without regard to the amount of reasonable value established by the Veterans Administration.

**CONVENTIONAL LOAN:** If Conventional financing is used the Purchaser acknowledges that the lender uses any appraisal required by the lender to determine the maximum mortgage amount and does not warrant the value or condition of the property.

**7. PRORATION:** All taxes, any association dues/fees and rents will be prorated as of the consummation of the sale. The tax proration herein called for will be based upon information obtained from the Tax Assessor or Tax Collector's office. Any changes in such assessment after closing will be adjusted accordingly between Seller and Purchaser.

Case 24-81036-CRJ11   Doc 332-1   Filed 01/13/25   Entered 01/13/25 13:39:25   Desc
Exhibit  A - Financed Sales Contract   Page 2 of 6

**8. LEGAL NOTICE:** Seller acknowledges that, under Alabama case law, simply entering into this Purchase Agreement to sell the Property destroys a joint tenancy with right of survivorship and creates a tenancy-in-common, unless expressly specified otherwise. If Seller holds title to the property as joint tenants with rights of survivorship, then Seller's intent is to maintain ownership as joint tenants with right of survivorship.

**9. RISK OF LOSS:** Seller agrees to keep in force sufficient hazard insurance on the property to protect all interests until the sale is closed and the deed delivered. If the property is destroyed or materially damaged between the date hereof and the closing, and Seller is unable or unwilling to restore it to its previous condition prior to closing, Purchaser will have the option of canceling this contract and receiving back the earnest money, or accepting the property in its then condition. If Purchaser elects to accept the property in its damaged condition, any insurance proceeds otherwise payable to Seller by reason of such damage will be applied to the balance of the purchase price or otherwise be payable to Purchaser.

**10. SYSTEMS, EQUIPMENT AND APPURTENANCES:** The following items are included in this sale, if present: all heating and cooling equipment, water heaters, door bells, mantels, light fixtures and bulbs and ceiling fans, including fan remote controls; storm doors, garage door openers and remote controls, range, oven, installed dishwasher, permanently installed refrigerator, and all other built-in kitchen appliances; framed bathroom mirrors and permanently attached plate glass mirrors; all bathroom fixtures; blinds, window treatments, rods and hardware; all wall-to-wall carpet; all gas logs, fireplace doors and attached screens; all security system components and controls; permanently installed hot tub, above ground and in ground swimming pool and its equipment; permanently installed outdoor water features, awnings, permanently installed outdoor cooking grills; seller owned propane tanks; all landscaping and all outdoor lighting, both wired and solar; mail boxes; attached basketball goals and backboards; TV wall mounts, TV antennae and seller owned satellite dishes (excluding components); central vacuum systems and attachments. There shall be no substitutions or replacements of any of the above without the express written agreement of the parties. Items which do not belong to the seller, such as leased security systems, satellite system, water softener systems, fuel tank, etc., do not convey and are not a part of this contract. If an item not listed above is being conveyed, such item(s) to be included in a "Personal Property Conveyance" or equivalent. (e.g., refrigerators, washers & dryers).

➔ Purchaser(s) initials **WTB** 01/07/25 _ — Seller(s) initials **WTJ** 01/09/25 _

**11. SELLER WARRANTS** that Seller has not received from any lawful authority notification regarding any assessments, pending public improvements, repairs, replacements or alterations to the property that have not been satisfactorily made.

**12. DEFAULT.** Should either the Seller or Purchaser fail to carry out the terms of this contract in accordance with all its provisions, an aggrieved party shall have the option to do one of the following:
(a) File a proceeding in a Court of competent jurisdiction provided (1) the proceedings are non-jury and THE RIGHT TO TRIAL BY JURY IS WAIVED, (2) the amount in controversy (excluding funds held as earnest money) does not exceed $3,000.00 and (3) no licensed real estate professional is a party, except as a stake holder of earnest money; OR,
(b) Reaffirm the contract and proceed through binding arbitration under paragraph 13 for the recovery of damages and/or for specific performance. The damages in either instance may include any cost(s) incurred by the non-breaching party including reasonable attorney's fees.

**13. TRUST ACCOUNT:** Seller and Purchaser hereby direct the Holder of the earnest money to deposit the earnest money in Holder's escrow account pending fulfillment of this contract. Holder will have such Earnest Money deducted from Holder's commission at closing. OR Holder will provide funds to closing attorney. Earnest money shall be deposited with Holder within two banking days after the Binding Agreement Date. Proof of deposit of earnest money into trust account will be furnished to the Listing Company upon receipt. It is understood that the Holder is, (a) not a party to this contract and does not assume any liability for performance or non-performance of any signatory, (b) must require from all signatories a written release of liability of the Holder which authorizes the release of the earnest money. In the event a dispute arises between the parties to this contract as to which shall be entitled to said earnest money, the Holder may interplead said earnest money into the proper court, and in so doing shall be entitled to deduct from the earnest money for court costs, attorney's fee, and other expenses relating to the interpleader Alternatively, any party may proceed in a court of competent jurisdiction for interpleading of said earnest money. The prevailing party in any interpleader action shall be entitled to collect from the other party the court costs, attorney's fees and other expenses of the interpleader which shall be paid to the prevailing party. In the event any Earnest Money check is not honored, for any reason, by the bank upon which it is drawn, Holder shall promptly notify Purchaser and Seller. Purchaser shall have two (2) working days after notice to deliver good funds to Holder. In the event Purchaser does not timely deliver good funds within two (2) working days, Purchaser is in default and the Seller may cancel the contract by notice to the Purchaser. In any proceedings under this paragraph, the right to trial by jury is waived.

➔ Purchaser(s) initials **WTB** 01/07/25 9:36 AM CST dotloop verified _ Seller(s) initials **WTJ** 01/09/25 9:59 AM CST dotloop verified _

**14. ALTERNATIVE DISPUTE RESOLUTION AGREEMENT BY BINDING ARBITRATION:** In connection with the purchase and sale of the above described property, except for those disputes described in Paragraph 12 Purchaser and Seller mutually covenant, stipulate and agree in connection with the resolution of any dispute or controversy arising out of or relating to this agreement or concerning the within described property, or the breach, termination, or validity thereof, as follows: That the transaction contemplated in this agreement directly involves interstate commerce, and said transaction has been and will continue to be regulated by the laws of the United States of America; and, that the contract(s) entered into by the parties concerning this property evidence transactions involving and affecting commerce. The undersigned agrees that all disputes not barred by applicable statutes of limitations or otherwise barred by law, resulting from or arising out of this agreement; that included herein in matters to be arbitrated are equitable claims and remedies, including specific performance and rescission; that Purchaser and Seller agree to submit such dispute(s) to BINDING ARBITRATION, pursuant to the provisions of 9 U.S.C. Section 1, et seq and according to the Commercial Rules of the American Arbitration Association then existing in the County where the property being sold is located, and shall be decided by an arbitrator recognized by the Alabama Center for Dispute Resolution and pursuant to the rules of American Arbitration Association or, if agreed by both parties, some other recognized body and pursuant to the rules of American Arbitration Association. The prepaid arbitration filing fees and all other prepaid costs of the arbitration proceeding shall be paid by the party seeking to invoke arbitration, with the assignment of those costs to be divided between the parties as the arbitrator sees fit in setting the Arbitration Award. Damages may include reasonable attorney's fees. It is hereby agreed that it is the intent of the parties that the Arbitrator's Award is to be final and binding and judgment upon the award rendered by the arbitration may be entered in any court

Case 24-81036-CRJ11    Doc 332-1    Filed 01/13/25    Entered 01/13/25 13:39:25    Desc
Exhibit A - Financed Sales Contract    Page 3 of 6

having jurisdiction thereof. This alternative dispute resolution agreement shall specifically exclude those disputes provided for in paragraph 12 and shall further specifically exclude those disputes as defined in paragraph 11(a); however, it is mutually agreed, covenanted, and stipulated that the right to a trial by jury is hereby waived. EXCEPT AS SPECIFICALLY PROVIDED HEREIN, THIS ARBITRATION SHALL BE IN LIEU OF ANY CIVIL LITIGATION IN ANY COURT, AND IN LIEU OF ANY TRIAL BY JURY.

**15. TERMINOLOGY:** For the purposes of this contract, (1) the term working day(s) used throughout this Agreement shall be deemed to be weekdays (Monday-Friday) ending at 11:59 p.m. local time (at the location of the Premises) unless otherwise specified in this Agreement. (In the event a performance deadline occurs on a Saturday, Sunday or holiday, as defined herein, the performance deadline shall be extended to the next following working day. In calculating any time period under this Agreement, the commencement day shall be the day following the initial date (e.g. Binding Agreement Date). The following days shall be recognized as holidays: New Years Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day.

**16. ELECTRONIC SIGNATURES**: Faxed or other electronically transmitted documents with signatures shall serve as originals and be binding on all parties.

**17. ENTIRE AGREEMENT:** This contract, together with any addendums, constitutes the entire agreement between Seller and Purchaser regarding the property and supersedes all prior discussions, negotiations and agreements between Seller and Purchaser whether oral or written. Neither Seller, Purchaser, Broker, nor any licensee, shall be bound by any understanding, agreement, promise, or representation concerning the property, expressed or implied, not specified herein. All terms, conditions, and warranties not performed at the time of delivery of deed shall survive such delivery.

**18. We the Purchaser and Seller grant to the closing agent/attorney/lender, permission to distribute the Non-Public Private Information (NPPI) Closing Disclosure to the real estate agents and brokers noted on this contract, at the same time that it is distributed to us.**

➔

**ADDITIONAL PROVISIONS:**

Purchaser(s) initials _WB_ 01/07/25 9:36 AM CST dotloop verified ____

Seller(s) initials _WG_ 01/09/25 9:59 AM CST dotloop verified ____

This offer is contingent upon court approval.

Earnest money is not due until court approval.

*ERROR ON DEED***
 SEC 34 T1S R1E PART OF THE NE 1/4 OF SEC 34 DESC AS COM AT THE NW COR OF THE *NE 1/4* OF THE NE 1/4 OF SD SEC 34 TH E 217.70 FT TH S TO THE S MAR OF WALKER LN & THE POB TH FR THE POB S 02 DEG W 310 FT TH E 667 FT TO THE FLINT RIVER TH NW'LY ALG SD RIVER 359 FT TO SD S MAR OF RD TH W ALG SD MAR 477 FT TO THE POB

There is no realtor on this transaction. Martie Robison, Capstone Realty prepared sales contract as a courtesy for no compensation.

THE USE OF THIS FORM BY ANY ONE OTHER THAN A REALTOR® MEMBER IS STRICTLY PROHIBITED
Copyright© by ValleyMLS.com, Inc.

dotloop signature verification: dtlp.us/Uli2-nr9P-5slr

**IT IS ILLEGAL TO DISCRIMINATE IN THE SALE OR LEASE OF REAL ESTATE BECAUSE OF RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX, FAMILIAL STATUS OR DISABILITY.**

_____
**WITNESS**                                    **DATE**

_____
**WITNESS**                                    **DATE**

_____
**WITNESS**                                    **DATE**

*William Taylor Sr*
dotloop verified
01/07/25 9:36 AM CST
RWWV-5MSC-6ASD-7LIP

**PURCHASER**                                  **DATE**

**PURCHASER**                                  **DATE**

**PURCHASER**                                  **DATE**

---

**Seller acknowledges receipt of this offer and MUST RESPOND by one of the following: (Initial _ONE_)**

*WTJ*
01/09/25

**ACCEPTS** – this offer. **Do not initial here unless offer is being accepted! **

**REJECTS** – this offer and makes no counter offer.

**COUNTERS** – separate Counter Offer form is attached. ☐ **Yes** ☐ **No**

**1.** The Seller reserves the right to accept any other Offer prior to Purchaser's written acceptance of this Counter-Offer. Acceptance shall not be effective until personally received and acknowledged by the _____ (Listing Agent) as evidenced by signing the Binding Agreement Date below.

**2.** This Counter-Offer shall expire unless a signed copy of acceptance is delivered to the person(s) making this Counter Offer (or their agent) by _____ ☐ a.m. ☐ p.m. on _____(date).

**3.** Upon acceptance by both parties, as herein specified, this Counter-Offer, if any, together with the offer of the Purchaser, and any addendum, shall compose the entire agreement between the parties hereto.

_____
**WITNESS**                                    **DATE**

_____
**WITNESS**                                    **DATE**

_____
**WITNESS**                                    **DATE**

*William Taylor Jr*
dotloop verified
01/09/25 9:59 AM CST
TLDU-3AJ3-Z5Y5-JOXY

**SELLER**                                      **DATE**

**SELLER**                                      **DATE**

**SELLER**                                      **DAT**

---

**BINDING AGREEMENT DATE**: The listing agent confirms that the contract was accepted, and delivered to all parties (and/or their representatives) either in writing or electronically and the date to begin contract performance is:

Date: _____ by_____
       **Binding Agreement Date**                    **Listing Agent Signature**

Case 24-81036-CRJ11   Doc 332-1   Filed 01/13/25   Entered 01/13/25 13:39:25   Desc
Exhibit  A - Financed Sales Contract    Page 5 of 6

dotloop signature verification: dtlp.us/Uli2-nr9P-5slr

# AGENT/BROKERAGE INFORMATION

**LISTING SALESPERSON**                    **EMAIL**

**PHONE**                    **MLS ID**                    **AL LICENSE #**

**LISTING BROKERAGE**                    **ADDRESS**

Capstone Realty

**MLS ID**                    **AL LICENSE #**


**SELLING SALESPERSON**                    **EMAIL**

**PHONE**                    **MLS ID**                    **AL LICENSE #**

**SELLING BROKERAGE**                    **ADDRESS**

Capstone Realty

**MLS ID**                    **AL LICENSE #**

THE USE OF THIS FORM BY ANY ONE OTHER THAN A REALTOR® MEMBER IS STRICTLY PROHIBITED
Copyright© by ValleyMLS.com, Inc.

Case 24-81036-CRJ11    Doc 332-1    Filed 01/13/25    Entered 01/13/25 13:39:25    Desc
Exhibit  A - Financed Sales Contract    Page 6 of 6