IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

IN RE: )
)
William Edwin Taylor, Jr.,[1] ) CASE NO. 24-81036-CRJ11
SSN: XXX-XX-3708 ) CHAPTER 11
)
Debtor. )

## DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

COMES NOW William Edwin Taylor, Jr. ("Debtor"), as debtor and debtor-in-possession, by and through undersigned counsel, pursuant to §§ 105(a) and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and files this Motion for Authority to Sell Real Property of the Estate Free and Clear of All Liens, Claims and Encumbrances ("Motion") and, in support thereof, would show:

### JURISDICTION

1. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district and division under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought in this Motion are Bankruptcy Code §§ 105(a) and 363(b).

---

[1] In addition to William Edwin Taylor, Jr., the Debtors include the following: Pegrum Creek, LLC; Case No. 24-81037-CRJ11.

## BACKGROUND

3. On June 3, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this district and division under of Chapter 11, Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

4. Included in the property of the estate is real property described as 40+/- Acres on Joe Quick Road, Hazel Green, Alabama, 35750; and more particularly described in "**Exhibit A**" attached to the Land Sales Contract ("the Contract").

5. Ownership interest is vested equally between the Debtor and Christy Taylor, the Debtor's spouse ("Mrs. Taylor"). A true and correct copy of the Warranty Deed attached hereto as **"Exhibit B"**.

6. Debtor received an offer from VEnzoReit, LLC ("Buyer") to purchase the Property described in the Contract for the sum of One Million Four Hundred Thousand and No/100 Dollars ($1,400,000.00) (the "Offer").

## RELIEF REQUESTED

7. Debtor and Mrs. Taylor (collectively the "Sellers") agree to sell all the Property described herein for a total purchase price of $1,400,000.00, with a closing to be held on or before February 7, 2025, and entry of an order approving the sale becomes final (the "Sale"). The terms of the Sale are set out in detail in the Contract and Counteroffer (*see* "Ex. A") between Buyer and Sellers and more particularly described as follows:

   a. Buyer has provided cash proof of funds to listing agent, Martie Robison.
   b. Buyer will pay their own normal closing costs for a cash purchase sale.
   c. Closing to take place at Thompson Burton PLLC.
   d. The 40+/- Acres to be surveyed so legal description can be provided for Deed and closing and proper identification of boundary lines of property being purchased. This will be done under the Due Diligence.
   e. The Earnest Money shall be provided once the court has approved the sales

2

contract in writing.

    f. Survey and legal description will be ordered immediately upon acceptance by court of sales contract.

    g. Due Diligence is to be 15 calendar days from court approval signature to allow for survey completion.

    h. Buyer Agency Concession/Compensation is being offered. Seller to pay Crye-Leike Realtors a Buyer

    i. Agency Compensation of 3% of Sales Price at closing on Alta Settlement Statement.

    j. Buyer understands this offer is subject to being approved by Bankruptcy Court.

    k. ** Closing date is 15 calendar days after expected court approval date. Tentatively the court date is expected to be on Jan 22, 2025 and 15 calendar days would be a tentative closing date of Feb 7, 2025.

    l. Buyer may close earlier than Feb 7, 2025 date but not before court approval and not before Jan 24, 2025, with a likely closing date of Jan 29, 2025.

    m. If for any reason the Buyer cancels after court approval of acceptance and before end of due diligence period, listing agent will be notified in writing by email of cancellation request notice and since within due diligence period, earnest money shall be returned in full to Buyer within 2 business days, and contract shall be deemed null and void.

    n. Victor Englert has ownership interest in VEnzoReit, LLC and is a licensed Realtor. Victor Englert has 100% authorization to sign on behalf of VEnzoreit, LLC, and paperwork has been provided to listing agent.

    o. Buyer will pay for survey cost.

    p. *See* Exhibit A for description details and tentative drawing layout of the 40 acre parcel that is being used to generate the survey and legal description for Deed and closing paperwork.

8. The Sellers agree the estate has a one-half (1/2) interest in the Property. Accordingly, the estate and Mrs. Taylor will each receive one-half (1/2) of the distributable profit from the Sale of the Property.

9. The Sale of the Property is fair and reasonable and will not adversely affect the creditors in this matter. The affidavit of Martie Robison (*see* **Exhibit C**) and the affidavit of Purchaser (*see* **Exhibit D**) attest to the Offer being fair and reasonable based upon the market analysis provided. *See* Ex. A.

3

## LEGAL AUTHORITY

10.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  A debtor-in-possession is given these rights by §1107(a) of the Bankruptcy Code and § 105(a) provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11.     Debtor has determined, in its sound business judgment, that proceeding with the Sale as requested in this Motion is in the best interests of the estate and its creditors. "[T]he proper standard to use when considering a proposed motion to sell is the business judgment test. [It is this standard which has been adopted by the vast majority of courts." *In re Diplomat Const., Inc.,* 481 B.R. 215, 218-219 (Bankr. N.D.Ga. 2012)(citations omitted); *In re ASARCO, L.L.C.,* 650 F.3d 593, 601 (5th Cir. 2011) ("Section 363 of the Bankruptcy Code addresses the debtor's use of property of the estate and incorporates a business judgment standard.").  Sound business judgment exists in support of the Sale, in that the proposed sale will generate cash for use in the estate.  Thus, this Court should grant the relief requested in this Motion if Debtor demonstrates a sound business justification therefor.

12.     Debtor's sale of the Property satisfies the requirements of § 363(f) of the Bankruptcy Code to sell the assets free and clear of all liens, claims, interests, and encumbrances, which states that:

(f)     The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if:

(1)     applicable non-bankruptcy law permits sale of such property free and clear of such interest;
(2)     such entity consents;

4

      (3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

      (4)     such interest is in bona fide dispute; or

      (5)     such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f).

13. Because § 363(f) of the Bankruptcy Code is phrased in the disjunctive, when proceeding pursuant to § 363(b), it is only necessary to meet one of the five conditions of § 363(f). With respect to any other entity asserting a lien, claim, or encumbrance against the Property, the Debtor anticipates that it will be able to satisfy one or more of the conditions set forth in § 363(f). Any entity holding a lien on the Property will receive notice of this Motion with the opportunity to object, and such entity will be deemed to consent if it does not object. *See Hargrave v. Township of Pemberton* (*In re Tabone, Inc.*), 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); *Citicorp Homeowners Serv., Inc. v. Elliot* (*In re Elliot*), 94 B.R. 343, 345 (E.D. Pa. 1988). The Sale proposed herein meets at least one of the 363(f) requirements.

## **RELIEF REQUESTED**

The Sale qualifies under 11 U.S.C. §§ 363(f)(1) and (2); accordingly, Debtor moves the Court as follows:

A. To order and set a hearing on this matter on an emergency basis.

B. Upon such hearing, to approve the proposed sale and grant Debtor the authority to sell the Property identified herein; and to execute any instrument necessary by order of the Court, or otherwise, to effect the transfer to a purchaser, pursuant to Fed. R. Bankr. P. 6004(f)(2);

C. To approve the Sale free and clear of all liens and interests, and should it appear that there are parties claiming an interest in the Property to be sold, to approve and confirm the

5

Sale nevertheless, and to order Debtor to hold the consideration paid on the date of the Sale until the dispute can be resolved;

D.      Order Debtor's one-half (1/2) distributive share from the Sale of the Real Property be held in the Trust Account of Debtor's Counsel; and

E.      To grant such other, further, and different relief as may be proper to affect the sale of the Property.

## **NOTICE OF SALE**

Bankruptcy Rule 2002(a) and (c) requires Debtor to notify all creditors of the proposed sale of the Assets identified herein.  Service of this Motion shall be provided by U.S. Mail to the creditor matrix and to all parties who have registered as a participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama pursuant to Fed. R. Bankr. P. 9036.

Respectfully submitted January 13, 2025.

/s/ Stuart M. Maples
STUART M. MAPLES(ASB-1974-S69S)

THOMPSON BURTON PLLC
REGIONS CENTER
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779/Fax: (256) 489-9720
smaples@thompsonburton.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of January, 2025, pursuant to the foregoing Debtor's Motion to Sell Real Property, I served a copy of the same on the parties listed below via electronic mail and on the following parties: (i) the Office of the Bankruptcy Administrator; (ii) the twenty largest unsecured creditors, (iii) the Internal Revenue Service; (iv) all secured creditors; (v) all counsel of record; (vi) any governmental agencies that request special notice; and (vii) those persons who served on counsel for the Debtor and filed with the Clerk of this Court a notice, requesting service of papers filed in this case by depositing the same in the United States Mail, postage prepaid and properly addressed or via electronic mail at the e-mail address below, or via the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated in the attached Master Service List.

Martie Robison, Realtor for the Debtor at martierobison@comcast.net
Victor Englert, Listing Salesperson for the Purchaser VEnzoReit, LLC, at victorteam@bellsouth.net

/s/ *Stuart M. Maples*
STUART M. MAPLES

7