IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

IN RE: )
 )
William Edwin Taylor, Jr.,[1] ) CASE NO. 24-81036-CRJ11
SSN: XXX-XX-3708 ) CHAPTER 11
 )
Debtor. )

**ORDER ON DEBTOR'S MOTION FOR AUTHORITY TO SELL
REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL
<u>LIENS AND ENCUMBRANCES</u>**

This matter came before the Court on February 5, 2025 for hearing on the Motion for Authority to Sell Real Property of the Estate Free and Clear of All Liens and Encumbrances (the "<u>Motion</u>") [ECF No. 332], filed by Debtor William Edwin Taylor, Jr. ("<u>Debtor</u>") and the Objection filed by SmartBank [ECF No. 388] to Debtor's Motion (the "<u>Objection</u>"). Present at the hearing were Stuart M. Maples, counsel for Debtor; Richard Blythe, counsel for the Bankruptcy Administrator; and W. Marcus Brakefield, counsel for SmartBank. Based upon proper notice, the pleadings filed in this case, representations of counsel, the Court finds that the relief requested should be approved.

It is therefore **ORDERED, ADJUDGED and DECREED** as follows:

1. The Motion is **APPROVED**; the Property[2] described in the Motion is to be sold pursuant to 11 U.S.C. § 363.

2. This Order shall be binding in all respects upon the Debtor, its estate, all creditors, all holders of any claims (whether known or unknown) against the Debtor, and any holders of encumbrances against or on all or any portion of the Property. This Order shall inure to the benefit of the Debtor and the Purchasers as well as their respective agents, attorneys, successors and assigns.

3. The Property shall be transferred to Purchaser pursuant to the terms of the Purchase Agreement attached to the Debtor's Motion and such transfer shall constitute a legal, valid, binding and effective transfer of such Property. All encumbrances shall attach solely to the sale proceeds with the same validity, priority, force and effect that they now have as against the Property, subject to any claims and defenses the Debtor may possess with respect thereto.

4. SmartBank shall be paid at closing from the sales proceeds.

---

[1] In addition to William Edwin Taylor, Jr., the Debtors include the following: Pegrum Creek, LLC; Case No. 24-81037-CRJ11.

[2] All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Motion.

5.      All persons and entities holding encumbrances or interests in all or any portion of the Property prior to the respective closing shall be forever barred, estopped and permanently enjoined from asserting any claim against the Property, the Purchasers, the Debtor, and their respective agents, attorneys, successors or assigns.

6.      Purchasers acted in good faith in purchasing the Property within the meaning of Section 363(m) of the Bankruptcy Code and are therefore good faith purchasers entitled to the benefits and protections of that statute.

7.      Pursuant to Bankruptcy Rules 6004(h) and 9014, this Order shall be effective immediately upon entry and the Debtor and Purchasers are authorized to close the Sale immediately upon entry of this Order.

8.      The Debtor is **AUTHORIZED** to execute any documents or instruments necessary to effectuate the transfer of the Property.

9.      The Closing Agent is authorized to pay SmartBank and any other closing costs from the net proceeds associated with the sale of the Property.

10.     The balance of the net funds from the closing shall be turned over to the Debtor's Counsel Trust Account.

11.     This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

Dated this the 7th day of February, 2025.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Order prepared by:
Stuart M. Maples, counsel for the Debtor smaples@thompsonburton.com

Order reviewed and approved by:
Richard Blythe, Bankruptcy Administrator richard_blythe@alnba.uscourts.gov
W. Marcus Brakefield, counsel for SmartBank mbrakefield@hubbardfirm.com